# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 22, 2022

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MATTHEW GARTNER, *as* * | |
| *personal representative of the estate* * | |
| *of* ANTHONY J. GARTNER,     * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 17-1561V |
| * | |
| * | Special Master Gowen |
| v.     * | |
| * | Motion for Reconsideration; |
| SECRETARY OF HEALTH     * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES,     * | |
| * | |
| Respondent.     * | |
| * * * * * * * * * * * * * | |

*Theodore G. Pashos*, Pashos Law, LLC, St. Charles, MO, for Petitioner.
*Zoe Wade*, United States Department of Justice, Washington, DC, for Respondent.

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION[1]

On October 19, 2017, Matthew Gartner, as personal representative of the estate of Anthony J. Gartner ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  The petition seeks compensation for injuries allegedly related to the decedent's receipt of an influenza ("flu") vaccine on October 22, 2015.  Petition (ECF No. 1).

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**.  This means the opinion will be available to anyone with access to the internet.  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 4, 2021, I entered a Decision on Stipulation, awarding compensation to petitioner. *See Gartner v. Sec'y of Health & Human Servs.,* No. 17-1561V, 2021 WL 2073789 (Fed. Cl. Spec. Mstr. May 4, 2021).

On June 11, 2021, Matthew Gartner ("Petitioner") filed a motion for final attorneys' fees and costs, requesting a total of $35,732.77 in final attorneys' fees and costs. Petitioner ("Pet.') Fees Application ("Fees App."). On September 23, 2021, I granted petitioner's motion and awarded a total amount of $22,427.77 in final attorneys' fees and costs. Decision on Attorneys' Fees and Costs. Specifically, in that decision I awarded petitioner $11,025.00 in final attorneys' fees and $11,402.77 in final attorneys' costs.

In the final attorneys' fees decision, I reduced petitioner's costs by $4,800.00 because the invoice petitioner submitted appeared to be duplicative in nature. Decision on Attorneys' Fees and Costs. I reasoned that the invoice petitioner submitted from The TASA Group (which billed for work performed by petitioner's expert, Dr. Gary Pekoe) requested the same amount of money for 10 hours of work performed by Dr. Pekoe twice. *Id.* at 4; *see also* Pet. Exhibit ("Ex.") 34.

On October 8, 2021, petitioner filed this instant motion for reconsideration for final attorneys' fees decision. Pet. Mot. (ECF No. 82). Specifically, petitioner states, "In the filing before the Court, counsel for petitioner neglected to include an additional invoice from TASA dated April 26, 2019. That additional invoice is attached." Pet. Mot. at 2. Petitioner also states, "The total hours billed by Dr. Gary Pekoe in this matter are 22 hours at $480.00 per hour totaling $10,560.00. The total of the fees bill by TASA including the administrative fee is $10,735.00." *Id.* at 2. Petitioner explained that the "April 26, 2019 invoice was not previously provided to the Court," and requested that the Court amend the previous attorneys' fees decision "to allow for full compensation related to stress associated with the work of Gary Pekoe, PhD and set aside the reduction of $4,800.00, making the total award for attorney costs to be $16,202.77."

Respondent filed a response on October 13, 2021. Respondent ("Resp.") Response (ECF No. 83). Respondent opposed petitioner's motion, stating, "It would appear that the original award is reasonable in light of the work actually performed." *Id.* Further, respondent noted that the original decision "questioned whether the fees were duplicative," and that I reasoned, "based on the work product submitted into the record by Dr. Pekoe, ten hours (as opposed to twenty) would be a reasonable amount of time to bill for that work." *Id.* (citing the Decision on Attorneys' Fees and Costs).

Petitioner did not file a reply. On November 10, 2021, I issued an order withdrawing the original decision to consider petitioner's motion. For the reasons discussed below, petitioner's motion for reconsideration is **GRANTED in part and DENIED in part.**

### I.        Legal Standard for Reconsideration

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision. It provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision…." Vaccine Rule 10(e)(1). Within the Vaccine Program, special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3); *see also Hall v. Sec'y of Health & Human*

*Servs.*, 93 Fed. Cl. 239, 251 (2010), *aff'd* 640 F.3d 1351 (Fed. Cir. 2011).

A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). "A court may grant such a motion when the movant shows '(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007), quoting *Amber Resources Co. v. United States*, 78 Fed. Cl. 508, 514 (2007). Many decisions state that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined to be unfairness that is "clearly apparent or obvious." *Amex Inc. v. United States,* 52 Fed. Cl. 555, 557 (2002); *see also See Krakow v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of motion to dismiss case for failure to prosecute). A motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300); *see also Hall v. Sec'y of Health & Human Servs.,* 93 Fed. Cl. 239, 251 (2010).

As noted above, Special Masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). There is little guidance interpreting Vaccine Rule 10(e)(3) beyond the conclusion that is within the special master's discretion to decide what constitutes the "interest of justice" in a given case. *See Krakow v. Sec'y of Health & Human Servs.,* 2010 WL 5572074 at *3; *Kottenstette v. Sec'y of Health & Human Servs.,* No. 15-1016, 2020 WL 3579995 (Fed. Cl. Spec. Mstr. June 2, 2020).

**II.     Discussion**

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The requirement that petitioners' burden to support their attorneys' fees motions is a long-standing principle in the Vaccine program and not changed. Further, "the request for fees must be complete when submitted." *Duncan v. Sec'y of Health & Human Servs.,* No. 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. Spec. Mstr. Aug. 4, 2008).

In this case, petitioner admits that he inadvertently failed to file an additional invoice for Dr. Pekoe in his final attorneys' fees and costs motion. Pet. Mot. at ¶ 3. With this motion, petitioner not only submitted the invoice, but also copies of the checks used for payment to the TASA Group for work performed by Dr. Pekoe. *See* Pet. Ex. 35. The first invoice, dated April 26, 2019, indicates that Dr. Pekoe provided ten hours of case review and a discussion with petitioner's attorney from April 16, 2019 to April 25, 2019. Pet. Ex. 35 at 2. This invoice notes that $4,975.00 had been received from petitioner's attorney and that money had been applied to the bill. *Id.* The second invoice, dated May 3, 2019, shows that Dr. Pekoe worked another ten hours from April 26, 2019 to April 29, 2019, which consisted of additional document review and writing the expert report. *Id.* at 4. Petitioner's attorney had paid that amount in full on June 14, 2019. *Id.* at 5. The final invoice, dated May 1, 2020, was for 2 hours of work and totaled $960.00. The invoice states that it is an "Advance Invoice," and it covers "review and phone conference."

*Id.* Petitioner's attorney paid this amount on May 12, 2020. *Id.* at 7. What is notable about this last invoice is that it comes *after* petitioner submitted a second report by Dr. Pekoe on April 30, 2020 and it was an "Advance Invoice." Additionally, the second report petitioner filed by Dr. Pekoe was exactly the same as the first report, only it included references to exhibits, which were medical literature filed with the second report.

In the original decision, I deducted $4,800.00 because it appeared that the work done by Dr. Pekoe was duplicative. Decision on Attorneys' Fees and Costs at 4. With the addition of the new invoice and checks sent by petitioner's counsel to the TASA Group, it is clearer that Dr. Pekoe took twenty hours to provide an initial review of the case and draft his report. However, I am not going to reimburse petitioner's counsel for the additional $960.00 for two hours of work performed by Dr. Pekoe for the bill dated May 3, 2020. Dr. Pekoe's second report is identical to the first report, except in the second report he added references to exhibits which correspond with medical literature.

While petitioner's Exhibit 35 provides clarity to the number of hours performed by Dr. Pekoe in April 2019, the third and final invoice, dated May 3, 2020, is unreasonable. Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). It is unclear why petitioner engaged with Dr. Pekoe for two hours after his supplemental report had already been filed. Further, as noted above, the second report did not provide any additional substance.

The Court is extending a significant curtesy to petitioner, as he was representing his brother in this matter and will grant petitioner's motion for reconsideration in part in the interest of justice.[3] However, I am denying petitioner's request for an additional $960.00 for Dr. Pekoe, as the invoice was dated after petitioner submitted Dr. Pekoe's second report and the second report did not provide any additional support for petitioner's case.

### III.     Conclusion

Petitioner's motion for reconsideration is granted in part and denied in part. Following this order, I will issue a new attorneys' fees and costs decision reflecting the reasoning set forth in this order.

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] The Court is extending a significant curtesy to petitioner and stresses that future filings for attorneys' fees and costs should be complete at the time of filing. Further, petitioner's counsel should be aware that the Court is not required to warn petitioners about deficiencies in fee applications. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (2008).