# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 22, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MATTHEW GARTNER, *as* | * | |
| *personal representative of the estate* | * | |
| *of* ANTHONY J. GARTNER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1561V |
| | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Expert costs reduction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Theodore G. Pashos*, Pashos Law, LLC, St. Charles, MO, for Petitioner.
*Zoe Wade*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 11, 2021, Matthew Gartner ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 75). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$27,227.77**.

I. **Procedural History**

On October 19, 2017, Petitioner, as personal representative of the estate of Anthony Gartner, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that Mr. Gartner developed anaphylaxis as a result of receiving an influenza vaccine on October 22, 2015, and that his death on October 23, 2015, was a result of his alleged injury. *See* Petition (ECF No. 1). On May 4, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 70).

On June 11, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $35,732.77, representing $19,530.00 in attorneys' fees and $16,202.77 in costs. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of her claim. (ECF No. 77). Respondent reacted to the fees motion on June 14, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 78). Petitioner did not file a reply thereafter and none was necessary.

On XXXX, petitioner filed a motion for reconsideration, providing additional documentation for his attorneys' costs request. Pet. Mot. for Reconsideration (ECF No. XX). On XXX, I granted petitioner's motion in part and denied in part. The decision below is consistent with the order issued on XXXX.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Theodore Pashos, $350.00 per hour for all work performed in this case (from 2016 to 2021); and for Mr. Richard Gartner, $350.00 per hour for all work performed in this case (from 2015 to 2021). The requested hourly rate for Mr. Pashos is reasonable given his experience, and I have reviewed his submitted billing entries and find the time expended on this case to be reasonable as well. Mr. Gartner's billing requires further discussion however.

The Vaccine Act permits an award of only those reasonable attorneys' fees and costs that are "*incurred* in any proceeding on such petition". 42 U.S.C. § 300aa-15(e) (emphasis added). "[I]n ordinary usage, ... to 'incur' expenses means to pay or become liable for them." *McCulloch v. Sec'y of Health & Human Servs.*, 923 F.3d 998, 1003 (Fed. Cir. 2019) (affirming the special master's award of attorneys' costs associated with maintaining a guardianship which was required by state law and the proffer awarding compensation); citing *Black v. Sec'y of Health & Human Servs.*, 93 F.3d 781, 785 (Fed. Cir. 1996). Special masters have routinely denied attorneys' fees that are billed by *pro se* petitioners and their personal associates with whom they have not formed an attorney-client relationship, on the reasoning that the fees have not been "incurred" under the meaning of the Vaccine Act. *See, e.g.*, *Riley v. Sec'y of Health & Human Servs.*, 1992 WL 892300 (Fed. Cl. Spec. Mstr. March 26, 1992) (denying attorneys' fees billed by a petitioner who was himself an attorney on the grounds that his work on the case constituted self-help); *Kooi v. Sec'y of Health & Human Servs.*, No. 05-438V, 2007 WL 5161800 (Fed. Cl. Spec. Mstr. Nov. 21, 2007) (the petitioner's spouse, an active practicing attorney); *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525 (Fed. Cl. Spec. Mstr. May 31, 2013) (finding "nothing in the record to suggest that Ms. Underwood entered into a 'formal, established attorney-client relationship' with her brother").

Additionally, under the Vaccine Rules, an attorney must be admitted to the Bar of the Court of Federal Claims to be eligible to practice in the Vaccine Program. *See* Vaccine Rule 14(a)(1) (providing that as a prerequisite to admission to the CFC bar, an attorney must be in good standing with the bar of the highest court of another state or other jurisdiction within the United States). Where an attorney is not eligible to practice before this Court, there can be no basis for such counsel to recover attorneys' fees under the Vaccine Act. *See, e.g., Underwood*, 2013 WL 3157525, at *3-4.

In the instant case, Mr. Gartner is the son of the original petitioner, Louise Gartner, and brother of the current petitioner, Matthew Gartner. The petition asserted a claim for compensation for the death of Louise Gartner's husband who was also the father of Matthew and Richard Gartner who are attorneys. Mr. Gartner is not admitted to practice in the United States Court of Federal Claims. There is nothing in the case record which would suggest that Mr. Gartner ever entered into a formal attorney-client relationship with either his mother or his brother to perform casework. In contrast, Mr. Garter did bill time to meet with his mother to obtain her signature to enter into a contract with undersigned counsel, Mr. Pashos. Fees App. Ex. 4 at 1. Furthermore, Mr. Gartner never filed a notice of appearance in this matter nor has he ever applied to become a member of the bar of the Court of Federal Claims. Indeed, I was not aware that Mr. Pashos was being assisted by another attorney until my review of the instant motion for fees and costs. Mr. Gartner never took part in any of the status conferences and was never referenced in any of the filings made by petitioner. A review of Mr. Gartner's billing records indicate that his focus was largely on reaching out to medical experts and acting as a liaison between his family and Mr. Pashos.

Accordingly, there is no evidence in the record which would lead me to the conclusion that petitioner "incurred" any legal obligation to pay for Mr. Gartner's work on this matter.[3] Therefore,

---

[3] Even if there was evidence that Mr. Gartner entered into an attorney-client relationship with one or both of his family members in this case, because Mr. Gartner is not a member of the bar of the Court of Federal Claims, he would not be

Mr. Gartner's time cannot be reimbursed. This results in a reduction of $8,505.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $16,202.77. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's medical experts. Petitioner has provided adequate documentation supporting these costs and they largely appear reasonable in my experience.[4]

In petitioner's motion for reconsideration, he included Exhibit 35 which provided three invoices for work performed by Dr. Gary Pekoe. Pet. Ex. 35. The exhibit also includes copies of checks issued to the TASA Group for these invoices. The first invoice, dated April 26, 2019, indicates that Dr. Pekoe provided ten hours of case review and a discussion with petitioner's attorney from April 16, 2019 to April 25, 2019. Pet. Ex. 35 at 2. This invoice notes that $4,975.00 had been received from petitioner's attorney and that money had been applied to the bill. *Id.* The second invoice, dated May 3, 2019, shows that Dr. Pekoe worked another ten hours from April 26, 2019 to April 29, 2019, which consisted of additional document review and writing the expert report. *Id.* at 4. Petitioner's attorney had paid that amount in full on June 14, 2019. *Id.* at 5. The final invoice, dated May 1, 2020, was for 2 hours of work and totaled $960.00. The invoice states that it is an "Advance Invoice," and it covers "review and phone conference." *Id.* Petitioner's attorney paid this amount on May 12, 2020. *Id.* at 7. What is notable about this last invoice is that it comes *after* petitioner submitted a second report by Dr. Pekoe on April 30, 2020 and it was an "Advance Invoice." Additionally, the second report petitioner filed by Dr. Pekoe was exactly the same as the first report, only it included references to exhibits, which were medical literature filed with the second report.

As such, it is unclear what work Dr. Pekoe performed on this case after his second report was filed and therefore, I will deduct $980.00 from petitioner's final attorneys' costs request. Therefore, petitioner is awarded $15,222.77 in attorneys' costs.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $19,530.00 |
|---|---|
| (Reduction of Fees) | - ($8,505.00) |

---

eligible to receive attorney rates for this work. Thus, the question of whether $350.00 per hour is a reasonable rate for Mr. Gartner's work is moot.

[4] Regarding expert work, I find that the total amount billed is reasonable for the work performed in the instant case. I am not making any finding as to the reasonableness of any of the hourly rates billed by the experts and I reserve the right to re-examine their hourly rates in future cases in light of the work product they have submitted in those cases.

| **Total Attorneys' Fees Awarded** | **$11,025.00** |
|---|---|
| | |
| Attorneys' Costs Requested | $16,202.77 |
| (Reduction of Costs) | - ($980.00) |
| **Total Attorneys' Costs Awarded** | **$15,222.77** |
| | |
| **Total Attorneys' Fees and Costs** | **$26,247.77** |

**Accordingly, I award a lump sum in the amount of $26,247.77, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Theodore Pashos.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).